IN THE SUPREME COURT OF THE STATE OF KANSAS

Bar Docket No. 20340

In the Matter of CHARLES CLINTON BAYLOR,
*Respondent.*

ORDER OF DISBARMENT

This court admitted Charles Clinton Baylor to the practice of law in Kansas on September 28, 2001. The court administratively suspended Baylor's license on October 8, 2019, due to his noncompliance with registration and continuing legal education requirements. The court notes that as of the date of this order, Baylor had not paid any of the annual registration and continuing legal education fees related to the administrative suspension of his license.

In a letter signed by Baylor on December 13, 2023, addressed to the Office of Judicial Administration, Baylor requested to voluntarily surrender his license under Supreme Court Rule 230(a) (2023 Kan. S. Ct. R. at 290). At the time, a formal disciplinary hearing had been held and the hearing panel concluded there existed clear and convincing evidence Baylor violated Kansas Rules of Professional Conduct 8.4(g) (2023 Kan. S. Ct. R. at 433) (misconduct: adversely reflects on fitness to practice), Supreme Court Rule 210 (2023 Kan. S. Ct. R. at 263) (duty to cooperate), and Supreme Court Rule 219 (2023 Kan. S. Ct. R. at 273) (duty to report criminal charges). On November 28, 2023, the Disciplinary Administrator docketed that case in this court under Supreme Court Rule 228 (2023 Kan. S. Ct. R. at 287), *In re Baylor*, No. 127,013. Baylor filed exceptions to the final hearing report and moved to strike petitioner's pleadings due, in pertinent part, to this voluntary surrender of his license.

This court accepts Baylor's surrender of his Kansas law license, disbars Baylor pursuant to Rule 230(b), and revokes Baylor's license and privilege to practice law in Kansas.

1

The court orders the Office of Judicial Administration to strike the name of Charles Clinton Baylor from the roll of attorneys licensed to practice law in Kansas effective the date of this order.

The court notes that under Rule 230(b)(1)(C), Baylor's pending disciplinary case before this court in *In re Baylor*, No. 127,013, and any other pending board proceeding or case terminates effective the date of this order. The Disciplinary Administrator may direct an investigator to complete a pending investigation to preserve evidence.

Finally, the court directs that this order be published in the official Kansas Reports, that the costs herein be assessed to Baylor, and that Baylor comply with Supreme Court Rule 231 (2023 Kan. S. Ct. R. at 292).

Dated this 22nd day of March 2024.